**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DENISE WILSON** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 11-686-JJB-DLD** |
| **RACETRAC PETROLEUM, INC. ET AL.** | |

**SUPPLEMENTAL AND AMENDING MAGISTRATE JUDGE'S REPORT**

On December 14, 2011, the undersigned issued a report recommending that plaintiff's motion to remand should be granted and that this matter should be remanded to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana (rec. doc. 4). Defendant filed an objection to the magistrate judge's report (rec. doc. 5). The district judge referred this matter back to the undersigned for additional consideration in light of the objection filed by defendant. After this matter was referred back to the magistrate judge, plaintiff filed a memorandum in opposition to defendant's objection (rec. doc. 10) and defendant filed a response memorandum (rec. doc. 12).

The issue before the court on plaintiff's motion to remand was whether the notice of removal was timely filed (rec. doc. 4). The right to remove a case arises when a defendant is first put on notice that all prerequisites for invoking federal jurisdiction have been met. In this case, removed on diversity jurisdiction, the right to remove arises when the elements of diversity of citizenship and the amount in controversy can be established.[1] The notice of removal must be filed within 30 days of receipt of the initial pleading by the defendant, or, if it is not readily apparent from the initial pleading that the case is

---

[1] Diversity of citizenship is not an issue in this case.

removable, within 30 days after receipt by the defendant of a copy of "other papers" "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Thus, when the court analyzes whether a notice of removal is timely filed, the underlying issue the court must analyze is when the removing party received information putting it on notice that the amount in controversy is satisfied.

In the motion to remand, plaintiff argued that the amount in controversy was facially apparent; therefore, the notice of removal should have been filed within 30 days of receipt of the petition. Defendant argued that the amount in controversy was not facially apparent from the petition, but that it became apparent upon receipt of plaintiff's responses to discovery and the notice of removal was filed within 30 days of receipt of the discovery responses.

After reviewing the allegations in plaintiff's petition and all of the evidence offered in connection with defendant's notice of removal, the undersigned concluded that it was not facially apparent from the allegations in plaintiff's petition that plaintiff's claims satisfied the amount in controversy.[2] Defendant filed its notice of removal 30 days after receiving "other papers," in the form of plaintiff's discovery responses and medical records, which defendant contends put it on notice that plaintiff's claims satisfied the jurisdictional minimum. After reviewing the "other papers" submitted by defendant in support of its argument that its removal was timely filed within 30 days of receipt of "other papers" from which it first ascertained that this action was one that was removable, the court concluded that the

---

[2] The court notes that many of the allegations in the memorandum in support of plaintiff's motion to remand concerning plaintiff's physical injuries, which were repeated in defendant's objection, were not alleged in the petition (rec. doc. 2)

claims supported by these "other papers" did not satisfy the amount in controversy; therefore, subject matter jurisdiction was not satisfied.

Defendant objected to the magistrate judge's report by arguing that the magistrate judge gave no notice of her intention to consider the issue of the amount in controversy *sua sponte* and did not allow the parties an opportunity to address this issue; that remand is improper because the notice of removal contained specific record evidence demonstrating that the injuries in this case, if proved, satisfy the amount in controversy, and there has been not timely submission of an uncontested affidavit in opposition to the jurisdictional amount.[3]

Sua Sponte Review of Subject Matter Jurisdiction

As the removing party, the defendant has the burden of establishing that subject matter jurisdiction exists, and in this diversity case, that diversity of citizenship and the amount in controversy is satisfied. The parties cannot consent to subject matter jurisdiction. Thus, regardless of what the parties say in their pleadings or what evidence is offered in support of the amount in controversy, the court has an obligation to raise subject matter jurisdiction *sua sponte* when the propriety of removal of a claim is in question. *Thibodeaux v. Kaufman Trailers, Inc.*, 2010 WL 148609 (W.D. La. 2010), *citing Tylka v. Gerber Products, Co.*, 211 F.3d 445, 447 (7th Cir. 2000); see also *MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170 (5th Cir. 1990), citing *Baker Oil Tools, Inc. V. Delta S.S. Lines, Inc.,* 562 F.2d 938, 940 n.2 (5th Cir. 1977)(courts have the continuing

---

[3] The second and third grounds for objection raise similar issues and are addressed together (rec. doc. 5).

obligation to examine the basis for subject matter jurisdiction, and the issue may be raised by the parties or sua sponte, at any time).

In the instant case, both parties had the opportunity to address the amount in controversy, and did so.  Plaintiff addressed it in her motion to remand and defendant in its opposition to the motion to remand.  Defendant offered extensive discovery responses, including plaintiff's description of her claims and medical records, in support of its position that plaintiff's claim satisfied the amount in controversy.  Defendant had the burden of proof of establishing subject matter jurisdiction at the time of removal; therefore; defendant should have presented all available evidence at that time.  After reviewing the evidence offered by defendant, the court concluded that plaintiff's claims did not satisfy the amount in controversy; therefore, this matter should be remanded.

<u>Burden of Proving Subject Matter Jurisdiction</u>

The court recommended in its report that it was not facially apparent from the allegations in the petition that the amount in controversy was satisfied; therefore, the 30-day time for removal did not run from receipt of the petition, but defendant's removal was filed within 30 days of receipt of "other papers."  As previously stated, the court reviewed the record evidence ("other papers") submitted by defendant in the form of discovery responses and medical records and concluded that this additional information did not establish that the amount in controversy is in excess of $75,000. Additionally, the court has reviewed the cases cited by defendant in its objection and finds that the injuries sustained and the treatment prescribed in those cases to be substantially different than the injuries sustained and treatment prescribed to plaintiff in the instant case, which further supports its conclusion that the amount in controversy is not satisfied.

In its opposition to defendant's objection to the magistrate judge's report and recommendation, plaintiff attaches an executed stipulation that states that her alleged damages in this matter do not presently meet or exceed the amount of $75,000.00, among other things[4] (rec. doc. 10-1). Post-removal stipulations are often considered to clarify a previously uncertain jurisdictional issue, such as the amount in controversy. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia, S.A.*, 988 F. 2d 559 (5th Cir.1993). Because the amount in controversy was not facially apparent, the post-removal stipulation can be accepted to clarify the previously uncertain jurisdictional issue in this case. Defendant argues in its response that the post-removal stipulation should not be used to "oust" the court's jurisdiction, but after considering all of the evidence submitted by defendant, the court concluded that it did not have jurisdiction. Thus, the post-removal affidavit merely confirms that the amount in controversy is not met in this matter. Accordingly, for the supplemental reasons stated above and for the reasons stated in the original report and recommendation,

---

[4] Plaintiff's stipulation states that her alleged damages in this matter do not presently meet or exceed the amount of $75,000.00; that she will not seek to recover more than $74,999.00 from a Louisiana state court as a result of the alleged accident at issue in this litigation; that in the event a Louisiana stat court renders a judgment in favor of the plaintiff in this matter, plaintiff agrees to accept in full satisfaction of that judgment the lesser of $74,999.00 or the judgment amount; and that should it appear at any time in the future that the plaintiff's alleged damages in this matter meet or exceed $75,000, plaintiff agrees that defendant will have the right to remove this matter to the district court (rec. doc. 10-1).

IT IS RECOMMENDED that the motion to remand (rec. doc. 4) should be **GRANTED** and this matter should be **REMANDED** to the **19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.**

Signed in Baton Rouge, Louisiana, on January 23, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DENISE WILSON**  CIVIL ACTION

**VERSUS**  NUMBER 11-686-JJB-DLD

**RACETRAC RETROLEUM, INC. ET AL.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 23, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**